**OHIO HARDWARE ASSOCIATION, Appellant, v. BOWERS, Tax Commr., Appellee.**

The Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 33942.   Decided August 26, 1957.

R. W. Kilbourne, Columbus, for appellant.
William Saxbe, Atty. Genl., By John M. Tobin, Asst. Atty. Genl., for appellee.

### OPINION

The Ohio Hardware Association is a domestic corporation organized as a nonprofit trade association. Its purpose is to advance the interests of its members consisting "of about 1860 (Ohio) retail hardware stores who are active members of the association; about 550 traveling salesmen of the association; and about 375 honorary members, who are manufacturers and suppliers in the hardware industry."

The issue in this case is whether or not the appellant is engaged in

business and its personal property is so used and is taxable as such under the provisions of §§5709.01 and 5701.08 R. C., for the tax year 1956. The appellant contends that its personal property is exempt from taxation. The Commissioner found, upon review and redetermination, that under these statutes the Association was engaged in business and that such property was taxable.

The cause now comes on for further and final consideration upon appellant's notice of appeal, the order made, the record of a hearing had before this board on June 12, 1957, with exhibits attached, and briefs of counsel.

We have carefully read and examined the transcript, record and briefs, and have come to the conclusion that the facts and issues now made are on all fours with those found in **American Jersey Cattle Club v. Glander, 152 Oh St 506, 41 O. O. 44.** Were the Board of Tax Appeals to engage in a lengthy dissertation as to the facts and law herein applicable, it could but repeat practically everything said by Judge Taft, speaking for the court in the Jersey Cattle Club case, supra. There is nothing we might add. The matter is determinable only on interpretation of the provisions of the Ohio law.

We must and do, therefore, now conclude that this cause be affirmed upon authority of the Jersey Cattle Club case, supra.